**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

Joni Son,                                              )
                                                       )
                    Plaintiff,                         )
                                                       )        Civil Action No. 2:25-11282-RMG
        v.                                             )
                                                       )
Frank Bisignano, Commissioner of Social                )
Security Administration                                )        **ORDER**
                                                       )
                    Defendant.                         )
_____ )

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the

final decision of the Commissioner of Social Security denying her claim for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI").  In accordance with 28 U.S.C. §

636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate

Judge for pre-trial handling.  The Magistrate Judge issued a Report and Recommendation ("R & R")

on June 16, 2026, recommending that the Commissioner's decision be affirmed. (Dkt. No. 13). The

parties were advised that they had 14 days to file objections to the R & R and a failure to timely file

objections would result in limited clear error review and a waiver of the right to appeal the District

Court's order. (Id. at 15).  No written objections have been submitted.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination

of those portions of the Report and Recommendation to which specific objection is made.  The Court

-1-

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff was found to have a residual functional capacity ("RFC") to perform less than the full scope of sedentary work. The Administrative Law Judge ("ALJ") found that Plaintiff suffered from a number of severe impairments, including "dysfunction of the left arm." (Dkt. No. 8-2 at 28). Plaintiff challenged on appeal the ALJ's alleged failure to recognize limitations in her left hand in the determination of the RFC.

The ALJ extensively addressed in her decision the record evidence regarding the dysfunction of Plaintiff's left arm and placed limitations on reaching overhead with the left upper extremity as part of the RFC. (*Id*. at 32). The ALJ also referenced the Plaintiff's subjective statements regarding limitations in her use of her left hand and concluded that the degree of impairments claimed by Plaintiff were not as severe as claimed. (*Id.* at 34). The Magistrate Judge, after carefully reviewing the ALJ's decision and the balance of the record, concluded that "the ALJ created an accurate and logical bridge from the evidence to her conclusion that the RFC adequately accommodates Plaintiff's 'dysfunctional left arm' by precluding any 'reach[ing] overhead with the left upper extremity.'" (Dkt. No. 13 at 10). Consequently, the Magistrate Judge found "no error in the ALJ's evaluation of Plaintiff's upper extremity." (*Id*. at 13).

After a review of the R & R, the ALJ's decision, and the record evidence, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this case and correctly concluded that the Commissioner's decision should be affirmed. Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 13) as the Order of the Court and **AFFIRMS** the decision of the Commissioner.

    **AND IT IS SO ORDERED.**

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
July 1, 2026